**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VICTORIA SCHAUB,**

                **Plaintiff,**

**-vs-**                                      **Case No. 6:07-cv-1162-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b).** <br> **(Doc. No. 29)** |
| **FILED:** | **August 21, 2009** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part and counsel be directed to reimburse Plaintiff for EAJA fees**. |

**I.**     **BACKGROUND**

    On June 18, 2007, Plaintiff and her counsel entered into a contingency fee agreement whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 29-2 at 2. On September 8, 2008, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further

1

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 23. On January 12, 2009, Plaintiff's counsel was awarded attorneys' fee in the amount of $3,347.62 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 28.

On August 8, 2009, Plaintiff received a notice of award for past due benefits in the amount of $44,415.00. Doc. No. 29-3. Twenty-five percent of the total award of past due benefits equals $11,103.75. Doc. Nos. 29 at 1, 30 at 1. On August 21, 2009, Plaintiff's counsel, Richard A. Culbertson, filed a motion requesting Authorization to Charge a Reasonable Fee and Memorandum of Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion") requesting authorization to charge Plaintiff a net amount of $7,761.13 as a reasonable fee. Doc. No. 29. On September 2, 2009, the Commissioner of Social Security (the "Commissioner") filed a response (the "Response") to the Motion arguing that the Motion impermissibly requests to charge Plaintiff a net fee and requesting that the Court award a reasonable fee to Plaintiff's counsel. Doc. No. 30.

## II. LAW AND ANALYSIS

Section 406(b) provides the following in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See* 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

    A. Refund of EAJA Attorney's Fees.

When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Bergen*, 454 F.3d at 1277 (11th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). This is required because to do otherwise would be a crime. Section 206 of Pub. L. No. 96-481, *amended by* Pub. L. No. 99-80 § 3, 99 Stat. 186 (1985), included a savings clause providing that the criminal penalties for accepting a fee under both the EAJA and § 406(b) are inapplicable "only if, where the claimant's attorney receives fees for the same work under both [§ 406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id*.[1]

---

[1] The savings clause appears in the note to the EAJA, rather than the Act itself.

Mr. Culbertson asserts, and the Commissioner does not dispute, that twenty-five percent of the past due benefits are $11,103.75 ($44,415.00 x .25 = $11,103.75). Doc. Nos. 29-30. In the Motion, Mr. Culbertson appears to request an award based on the "net" amount he would be entitled to, stating:

> The attorneys fee due under the fee agreement between [Culbertson] and Plaintiff is $7,761.13 ($11,103.75, 25 percent of past-due benefits, minus $3,342.62, EAJA fees, equals $7,761.13). The fee requested is within the 25% maximum allowed by 42 U.S.C. § 406(b) and incorporates the requirement that the EAJA fees be refunded to the Plaintiff.

Doc. No. 29 at ¶3. The Commissioner maintains that it is only appropriate for this Court to award Mr. Culbertson the Section 406(b) fees and then direct Mr. Culbertson to refund to the Plaintiff the smaller of the 406(b) or EAJA fees. Doc. No. 30 at 3-4. The procedure proposed by Mr. Culbertson would not strictly comply with the savings clause requirement because he would be awarded a "net" fee.

C. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the

4

agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id*. at 1363. Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Commissioner of Social Security*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453 at *5 (M.D. Fla. Sept. 20, 2008); *Whitaker v. Commissioner of Social Security*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777 at *2-3 (M.D. Fla. Oct. 23, 2008). Again, the Commissioner only objects to the "net" fee procedure Mr. Culbertson wishes the Court to employ. Doc. No. 30.

5

Applying the factors set forth above: 1) the contingency fee agreement clearly shows that Plaintiff was aware of and agreed to pay her counsel 25 percent of the total amount of past due benefits ultimately awarded (*See* Doc. No. 29-2); 2) Mr. Culbertson did not attach a time sheet to the Motion, but, after reviewing the case, the undersigned recommends that the Court find the character of the representation was excellent (Doc. Nos. 14, 18, 21); and 3) as a result of Mr. Culbertson's work, Plaintiff was successful on her claim (*See* Doc. No. 29-2). Twenty-five percent of Plaintiff's past due benefits equals $11,103.75. After reviewing the contingency fee agreement, the character of the representation, and the results obtained the undersigned recommends that the attorneys' fees requested are reasonable. As set forth above, Mr. Culbertson must refund $3,347.62 in EAJA fees to Plaintiff.

### III. CONCLUSION

Based on the forgoing, the undersigned **RECOMMENDS** that the Court:

1) **GRANT in part and DENY in part** the Motion (Doc. No. 29);

2) Authorize Mr. Culbertson to charge and collect from Plaintiff the sum of $11,103.75;

3) **ORDER** Mr. Culbertson to simultaneously refund to Plaintiff $3,347.62 in EAJA fees; and

4) Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 25, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Unrepresented Parties